JOHN W. LODGE DISTRIBUTING CO., INC.

*v.*

TEXACO, INC.

(No. 13731)

Decided June 6, 1978.

*Fred M. Frisk, Jr., Ralph C. Dusic, Jr.,* for appellant.

*Steptoe & Johnson, E. Loyd Leckie* for appellee.

MCGRAW, JUSTICE:

On December 1, 1963, John W. Lodge Distributing Company, Inc., a corporation, entered into a written consignment agreement with Texaco, Inc., a corporation, whereby Lodge would act as a distributor of Texaco's petroleum products. Pertinent to this case is the eighth section of this written agreement which reads:

1. This agreement shall continue in full force and effect until terminated by either party on five (5) days' written notice ...

2. Any and all agreements heretofore existing between Consignee and Consignor respecting compensation from sale of Consignor's products are hereby superseded and cancelled, and no modification of this agreement shall be binding unless signed by the parties hereto.

On September 17, 1973, Texaco notified Lodge that it was going to terminate the agreement effective November 1, 1973. Lodge thereafter filed in the Circuit Court of Kanawha County a complaint against Texaco containing twenty enumerated allegations. The trial court sustained a defense motion to dismiss under Rule 12(b)(6) of the W. Va. Rules of Civil Procedure on the grounds that the terms of the agreement were clear and unambiguous and that there were no factual situations or circumstances stated in the complaint which could be construed as stating a proper claim against the defendant. The court, however, granted the plaintiff the right to file an amended complaint which was later filed and similarly dismissed under Rule 12(b)(6). Thereafter, the plaintiff filed a motion to set aside the judgment, which was denied by order on October 15, 1975, and this appeal followed.

The eight-page amended complaint, containing 21 enumerated sections and 13 subsections, alleges, in pertinent part, that the terms and conditions of said agreement were altered and amended several times by letter agreements subsequent to the date of the original agreement; that although the original agreement failed to provide that the defendant must have some cause to cancel the agreement it was implied that both parties entered into the agreement in good faith and intended that if the service was performed in a satisfactory manner that no cause existed for the termination of plaintiff's franchise by defendant; that defendant did not exercise good faith in terminating said franchise; that said termination was arbitrary and wrongful and in breach of the agreements between plaintiff and defendant, and that the terms and conditions of the contract were unilateral and against public policy.

The issue now before this Court is whether the circuit court committed error when it granted the defendant's motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

The purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the

formal sufficiency of the complaint. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true. Since common law demurrers have been abolished, pleadings are now liberally construed so as to do substantial justice. W.Va. R.C.P. 8(f). The policy of the rule is thus to decide cases upon their merits, and if the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied. *United States Fidelity & Guaranty Co. v. Eades*, 150 W. Va. 238, 144 S.E.2d 703 (1965). "The trial court's inquiry [is] directed to whether the allegations constitute a statement of claim under Rule 8(a)." *Chapman v. Kane Transfer Co.*, ___ W. Va. ___, 236 S.E.2d 207 (1977). W.Va. R.C.P 8(a) reads as follows:

> (a) A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief ....

In a recent case we tried to assist the lower courts in ruling on 12(b)(6) motions by adopting the standard promulgated by the United States Supreme Court for the identical Federal Rule 12(b)(6). The third syllabus point of *Chapman v. Transfer Co.*, *supra* at 208 sets out the standard:

> 3. The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957).

All that the pleader is required to do is to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist. The trial court should not dismiss a complaint merely because it doubts that the plaintiff will prevail in the action, and whether the plaintiff can prevail is a matter properly determined on the basis of

proof and not merely on the pleadings. Wright & Miller, *Federal Practice and Procedure:* Civil § 1216 (1969).

In view of the liberal policy of the rules of pleading with regard to the construction of plaintiff's complaint, and in view of the policy of the rules favoring the determination of actions on the merits, the motion to dismiss for failure to state a claim should be viewed with disfavor and rarely granted. The standard which plaintiff must meet to overcome a Rule 12(b)(6) motion is a liberal standard, and few complaints fail to meet it. The plaintiff's burden in resisting a motion to dismiss is a relatively light one. *Williams v. Wheeling Steel Corp.*, 266 F. Supp. 651 (N.D. W.Va. 1967).

Plaintiff's complaint alleges, *inter alia*, that the original contract that the parties entered into was modified by subsequent oral and written agreements between the parties and that a new amended or implied contract was created.

It is a well-established, fundamental principle of contract law that a valid, unambiguous written contract may be modified or superseded by a subsequent contract based on a valuable consideration. *Wilkinson v. Searls*, 155 W. Va. 475, 184 S.E.2d 735 (1971); *Steinbrecher v. Jones*, 151 W. Va. 462, 153 S.E.2d 295 (1967); syl. pt. 1, *Lewis v. Dils Motor Co.*, 148 W. Va. 515, 135 S.E.2d 597 (1964); *State ex rel. Coral Pools, Inc. v. Knapp*, 147 W. Va. 704, 131 S.E.2d 81 (1963); *See* 4B *M.J.*, Contracts § 54 (1974).

It, therefore, does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, so, consequently, this test set forth in *Chapman* is not met, and the trial court erred in granting the motion to dismiss. Lodge alleged that the contract was altered by subsequent oral and written agreements between the parties and he need not submit evidence in order to withstand a motion to dismiss. Since this is a sufficient claim for relief under our rules, the plaintiff should not be denied the right to show why he feels he is entitled to the relief he seeks.

The plaintiff further alleges, *inter alia*, that the contract is unconscionable and against public policy on the ground that there is a lack of equality in the respective bargaining position of the parties.

In the court below, appellant relied heavily on the case of *Shell Oil Co. v. Marinello*, 63 N.J. 402, 307 A.2d 598 (1973) which held void as against public policy a contract provision giving Shell the absolute right to terminate the contract on 10 days notice. The court further read into all future agreements of that sort the restriction that Shell did not have the unilateral right to terminate the contract without good cause.

The trial court below on August 22, 1974, issued a memorandum letter of opinion in which it discounted the *Marinello* case and stated why it sustained the motion to dismiss:

> I do not believe this decision [Marinello] reflects the law of contracts of this nature generally in this country. No similar case of this nature has yet been decided in this State ... I do not believe our courts will follow the reasoning of the New Jersey decision if and when any such cases are decided by it.

On March 30, 1976, this Court, relying heavily on *Marinello*, held in syllabus point 2 of *Ashland Oil, Inc. v. Donahue*, ____ W.Va. ____, 223 S.E.2d 433 (1976) that:

> 2. Termination provisions of an agreement involving the sale of [oil products] which, if applied strictly are so one-sided as to lead to absurd results, will be declared unconscionable.

As counsel for appellee aptly points out in detail, there may be numerous factual differences that would tend to differentiate the present case from *Marinello* and *Donahue*. But such a finding cannot properly be made upon the basis of mere pleadings. Nevertheless, since termination provisions in contracts have been found to be one-sided and unconscionable by this Court, *Ashland Oil, Inc. v. Donahue, supra,* it does not appear beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief. *Ashland Oil, Inc. v. Donahue* was also before this Court merely at the pleading state for a determination of the legal sufficiency of certain defenses raised by *Donahue*. This Court stated then and still agrees that, "Evidence is required ... the lower court is required to give both parties a reasonable opportunity to present it." *Id.* at 440.[1]

The trial court should decide in light of all the material facts whether the termination provision was so one-sided as to be unconscionable at the time the contract was made. But to properly make this determination the Court should consider evidence regarding such things as the commercial setting under which the contract was made, any possible disparity in bargaining power,[2] the purpose and effect of the contract and any common business practices or expectation upon which either party may have relied.[3]

---

[1] This modern, more progressive view of unconscionability is well-expressed by S. Deutch in *Unfair Contracts—The Doctrine of Unconscionability* 176 (1977):

"Whether the court feels that there is a real probability of unconscionability or only a remote possibility, it should nevertheless provide the parties with an opportunity to present evidence, otherwise complications can be expected to develop and perhaps lead to further proceedings. Moreover, to give the parties an opportunity to present evidence does not mean that they will necessarily do so ... This requirement is not difficult to meet, and it should not be ignored unless the court is certain that the unconscionability argument has not been raised seriously."

[2] "A bargain is not unconscionable merely because the parties to it are unequal in bargaining position, nor even because the inequality results in an allocation of risks to the weaker party. But gross inadequacy in bargaining power, together with terms unreasonably favorable to the stronger party, may confirm indications that the transaction involved elements of deception or compulsion or may show that the weaker party had no meaningful, no real alternative, or did not in fact assent or appear to assent to the unfair terms." Restatement (Second) of Contracts § 234, Comment d at 111 (Tent. Draft No. 5, 1970).

[3] These guidelines are consistent with those in *Ashland Oil, Inc. v. Donahue, supra,* the Restatement (Second) of Contracts § 234 (Tent. Draft No. 5, 1970) and the Uniform Commercial Code-Sales § 2-302 as enacted by our legislature in W. Va. Code § 46-2-302.

In the event the Court upon consideration of the evidence should find the termination provision to be unconscionable, then it "may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term or may so limit the application of any unconscionable term as to avoid any unconscionable result." Restatement (Second) of Contracts § 234 (Tent. Draft No. 5, 1970); *see also* W.Va. Code, 46-2-302 dealing with the sale of goods.

The trial court erred by holding that Lodge's complaint, alleging *inter alia* both unconscionability and subsequent modification of an unambiguous written contract, failed to state a claim upon which relief could be granted. Neither this Court or the trial court should adjudicate the merits of this contractual dispute upon the basis of a mere unanswered complaint and 12(b)(6) motion. Plaintiff should, therefore, be permitted to bring forth its evidence, if any, in support of its claims for relief.

We reverse the order of dismissal by the Circuit Court of Kanawha County under Rule 12(b)(6) and remand the case to that court for further proceedings consistent with this opinion.

*Reversed and remanded.*