# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William C. Morgan,**
**Petitioner Below, Petitioner**

**FILED**

November 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-1085** (Greenbrier County 11-C-36)

**Pamela Sue Pack, Executrix,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner William C. Morgan, by counsel Thomas W. White, appeals the September 10, 2013, order of the Circuit Court of Greenbrier County that granted respondent's motion to dismiss. Respondent, Pamela Sue Pack, in her capacity as Executrix of the Estate of Grady Lee Whitlock, by counsel Erwin L. Conrad, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in relieving respondent of all duties and responsibilities with regard to the real property on which petitioner was injured, and in ruling that respondent owed no duty to petitioner when he was injured on respondent's real property.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2011, Corporal Todd Williams, Greenbrier County Commission humane officer, filed a civil complaint against property owner, Grady Lee Whitlock, alleging that on the real property in question there were in excess of 100 horses and cattle in poor condition, resulting from deprivation of necessary sustenance and/or proper medical care. The humane officer requested a temporary order to facilitate the care and maintenance of the animals, and further relief necessary for proper disposition. The circuit court entered a temporary order granting custody and control of the seized animals to the humane officer. The humane officer was authorized to take any necessary steps to provide for the care and maintenance of the animals while they remained on respondent's property, and he was given exclusive decision making authority regarding the animals and their movement on and off the property, to the exclusion of the respondent or any other person.

In May of 2011, Mr. Whitlock and the Greenbrier County Commission entered into a court-approved settlement agreement regarding the purchase of the animals on the property. The animals were forfeited by Mr. Whitlock to Greenbrier County and the county agreed to sell the

cattle to Billy McCormick and Tim Reedy. The horses were sold to the Crawley Farms and Lewisburg Farms. The settlement order stated that the purchasers of the animals would assume all the responsibilities and liabilities associated with loading and transporting the animals. The humane officer retained decision making authority regarding the animals, the round-up, and who had permission to be on the property, to the exclusion of the respondent or any other person. In May of 2011, following the settlement, petitioner was invited onto the property to assist in the rounding up of animals.[1] Petitioner was riding on an all-terrain vehicle ("ATV") on the property and traveling at a high rate of speed when he struck a single strand of barbed wire that was strung along some old fence posts. The barbed wire struck petitioner in the face and neck, knocking him off the ATV and causing injuries to his person.

In June of 2011, Mr. Whitlock died suddenly and Pamela Sue Pack became the Executrix of his estate. In May of 2013, petitioner initiated an action alleging that he suffered personal injuries at the May of 2011 animal round-up as a result of respondent's negligence, failure to properly maintain the real property, and failure to warn non-trespassing entrants of the existence of dangerous conditions and/or instrumentalities. Respondent filed a motion to dismiss alleging that she had been relieved of all rights and responsibilities as owner of the real property on which petitioner was injured and asking that petitioner's complaint be dismissed pursuant to the principles of res judicata.

In August of 2013, petitioner filed a response and memorandum in opposition to the respondent's motion to dismiss. Oral arguments on respondent's motion to dismiss were heard by the circuit court. At the close of the hearing, the circuit court granted respondent's motion to dismiss and entered a dismissal order on September 10, 2013. Petitioner now appeals the dismissal order.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995). In syllabus point two of *Appalachian Regional Healthcare, Inc. v. West Virginia Department of Health and Human Resources,* 232 W.Va. 388, 752 S.E.2d 419 (2013), we reiterated that "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (citations omitted). Furthermore, "[f]or purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *Lodge Distrib. Co., Inc. v. Texaco, Inc.,* 161 W.Va. 603, 605, 245 S.E.2d 157, 158 (1978).

On appeal, petitioner raises two assignments of error. First, petitioner argues that the circuit court erred in ruling that its previous orders relieved respondent of all duties and responsibilities with regard to the real property on which petitioner was injured. As support, petitioner argues that the respondent, as a landowner, has certain duties with regard to individuals entering onto her real property. Petitioner contends that he was an invited guest on the property to assist in the round-up of animals and that respondent owed him, as a non-

---

[1]It is not clear, after a complete review of the record, who invited petitioner onto the property on the day of the round-up.

trespassing entrant, the duty of reasonable care. Syl. Pt. 4 *Mallet v. Pickens*, 206 W.Va. 145, 522 S.E. 2d 436 (1999). Although petitioner argues that respondent was not relieved of all her obligations under either the temporary or settlement orders relative to the real property at issue, we do not agree. Contrary to petitioner's argument, the previous orders from the prior proceedings clearly placed exclusive control and authority for both the property in question and all animals thereon with the Greenbrier County Commission, acting through its humane officer. The previous orders placed custody and control of the animals with the humane officer and gave him the sole authority to permit others to enter the subject property and to remove the animals from the property. Therefore, the authority, duty, and responsibility for examining the premises, and permitting animal round-up, including setting the means, method, and equipment used for the round-up, and who could participate in the round-up all rested with the humane officer. Although petitioner's complaint alleges that he was an invited guest to work the animal round-up, none of his allegations indicate that the invitation was extended by the humane officer. Only the humane officer, as the agent of the Greenbrier County Commission, could authorize the removal of, or participation in the removal, of the animals.

Moreover, the circuit court ordered that no animals be moved at the direction of respondent. The humane officer had exclusive authority and control over any condition on the property and the animal round-up to the express exclusion of respondent. The circuit court took judicial notice of payments made pursuant to its temporary order relating to the supervision and inspection of the property, services for maintenance of fence posts, fence wire, and other matters under the direction of the humane officer between February of 2011 and June of 2011. Accordingly, we find no merit in petitioner's first assignment of error.

In his second assignment of error, petitioner argues that the circuit court erred in ruling that respondent owed no duty to him, while he was on respondent's real property. In support, petitioner contends that respondent is not prevented by the previous orders from entering, maintaining, or inviting others onto the property. Therefore, according to petitioner, the previous orders had no effect on the respondent's rights, responsibilities, or legal duties as the owner of the property. We do not agree. As addressed above, the previous orders granted the Greenbrier County Commission, through its humane officer: (1) exclusive control and authority over the property in question and all animals located on the property; and (2) exclusive control over who could enter on the property, and how invitees would act while on the property. The humane officer undertook all the duty of maintenance of the property and the animals to the exclusion of respondent from February of 2011 until June of 2011. We have previously held that liability results from control of the subject area or from a specific wrongful act. *Durm v. Heck's Inc.,* 184 W.Va. 562, 401 S.E. 2d 908 (1991). Accordingly, all such possession or control had been reserved to the Greenbrier County Commission, acting through its humane officer.

The circuit court made it clear in its previous orders that respondent could not be present for the animal round-up and had no authority to invite persons onto the property. Furthermore, petitioner is silent as to who issued his invitation onto the property. As such, it was not error for the circuit court to rule that respondent owed no duty to petitioner, when he was injured on respondent's real property. For the foregoing reasons, we find no error in the decision of the circuit court, and its September 10, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4