**No. 18-0653 – Newton v. Morgantown Machine & Hydraulics of WV, Inc..**

FILED

**November 19, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

HUTCHISON, Justice, dissenting, joined by WORKMAN, Justice:

"The purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the formal sufficiency of the complaint." *John W. Lodge Distrib. Co., Inc. v. Texaco, Inc*, 161 W.Va. 603, 604-05, 245 S.E.2d 157, 158 (1978). In considering a 12(b)(6) motion, it is well-established that the complaint is to be construed in the light most favorable to the plaintiff and the allegations are to be taken as true. *Id.* at 605, 245 S.E.2d at 158. "[I]f the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied." *Id.* at 605, 245 S.E.2d at 159. While the majority pays lip service to these basic precepts in its decision, it proceeds to ignore all of them and conclude that the circuit court properly dismissed the petitioner's complaint. Had the majority actually taken the time to read the complaint, it would have determined, as I did, that the petitioner satisfied his burden of stating a claim upon which relief could be granted. Because the majority turned a blind eye to our law, as well as the allegations set forth in the petitioner's complaint, I dissent.

"Complaints are to be read liberally as required by the notice pleading theory underlying the West Virginia Rules of Civil Procedure." *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 776, 461 S.E.2d 516, 522 (1995). As this Court has explained, Rule 8 of the West Virginia Rules of Civil Procedure, which sets forth

1

the general rules for pleading, "requires clarity but not detail." *Id.* Indeed, "Rule 8(a)(2) requires a 'short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Id.* Therefore, "the plaintiff's burden in resisting a motion to dismiss is a relatively light one." *John W. Lodge Distrib.*, 161 W.Va. at 606, 245 S.E.2d at 159. In order to defeat a 12(b)(6) motion, "[a]ll that the pleader is required to do is to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Id.* at 605, 245 S.E.2d at 159.

Here, the petitioner filed suit pursuant to *Harless v. First Nat'l Bank*, 162 W.Va. 116, 246 S.E.2d 270 (1978), claiming that he was wrongfully discharged from his employment because he exercised his right of self-defense when his was physically attacked by a co-worker. Under *Harless,* an employer "may be liable to an employee for damages occasioned by th[e] discharge" if the motivation for the discharge "contravene[s] some substantial public policy principal." *Id.* at 116, 246 S.E.2d at 271, syl. pt. 1. In *Feliciano v. 7-Eleven, Inc.*, 210 W.Va. 740, 559 S.E.2d 713 (2001), this Court recognized that in certain circumstances, the right of self-defense constitutes a substantial public policy exception to the at-will employment doctrine as allowed by *Harless.*

A review of the petitioner's complaint shows that he set forth sufficient information to outline the elements of a *Harless* claim. Under the clearly delineated section of his complaint titled "Cause of Action: Wrongful Discharge Under *Harless,*" the petitioner alleged:

2

25. This cause of action is asserted against both Defendants under West Virginia's common law claim for wrongful discharge under *Harless v. First National Bank of Fairmont*, 162 W.Va. 116, 246 S.E.2d 270, 275 (1978).

26. Mr. Newton was physically attacked and assaulted on March 15, 2016 by another employee, the truck driver.

27. The attack by the truck driver created a dangerous situation where Mr. Newton reasonably feared serious bodily injury or even death.

28. The truck driver was the aggressor and sole cause of the physical contact between the truck driver and Mr. Newton.

29. Mr. Newton used only absolutely necessary force to defend himself.

30. Mr. Newton did not harm the truck driver who attacked Mr. Newton.

31. Morgantown Machine understood that the truck driver was the sole aggressor, and that Mr. Newton was acting only in self defense.

32. The right of self-defense is a substantial West Virginia public policy, and the right of self-defense in based on statues and the common law of West Virginia.

33. The substantial West Virginia public policy is clearly intended to protect the public welfare and the public good by attempting to ensure that persons facing the risk of bodily injury and harm may apply necessary force to defend themselves.

34. Defendants violated, thwarted, and jeopardized this substantial West Virginia public policy by suspending and firing Mr. Newton over the use of self-defense. Such conduct in disciplining and terminating employees under these circumstances would threaten and intimidate employees away from using self-defense, thereby unnecessarily subjecting

3

employees and the public to the threat of violence in the workplace.

35. Mr. Newton was fired on March 16, 2015, because he used self-defense in preventing further harm to Mr. Newton from the truck driver.

36. Defendants fully understood that Mr. Newton had applied only necessary force in self-defense.

These allegations clearly satisfy the notice pleading standard of Rule 8.

It is obvious that the majority went beyond the four corners of the complaint, considered the merits of the petitioner's claim, and determined that he could not possibly prevail. Indeed, the majority opinion expressly upholds the circuit court's finding that "the right of self-defense exception to the at-will employment doctrine does not apply [because] Plaintiff was engaged in an altercation with a coworker that did not involve weapons, dangerous circumstances, or a threat of lethal imminent danger." Slip op. at 9-10. However, whether or not the altercation between the petitioner and coworker involved "an actual threat of lethal imminent danger" is a question of fact, not the issue to be decided at this stage of the litigation. In other words, it "is a matter properly determined on the basis of proof and not merely on the pleadings." *John W. Lodge Distrib.*, 161 W.Va. at 605-06, 245 S.E.2d at 159. Moreover, the petitioner's allegation that he "feared . . . even death" must be taken as true for purposes of a motion to dismiss under Rule 12(b)(6).

I am dismayed that the majority has chosen to adjudicate the merits of the petitioner's claim rather than afford him his day in court. Our jurisprudence favors the

4

determination of actions on their merits. To that end, this Court has previously declared that "the motion to dismiss for failure to state a claim should be viewed with disfavor and rarely granted." *Id.* at 606, 245 S.E.2d at 159. Moreover, this Court has made clear that "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Murphy v. Smallridge*, 196 W.Va. 35, 36, 468 S.E.2d 167, 168 (1996) (stating dismissal under Rule 12(b)(6) only proper where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" (additional citation omitted)). That is simply not the case here. The petitioner set forth sufficient allegations in his complaint and, therefore, should have been permitted to pursue his claim for relief.

Accordingly, for the reasons set forth above, I dissent to the majority's decision in this case. I am authorized to state that Justice Workman joins in this dissent.