**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Jay Folse,
**Plaintiff Below, Petitioner**

**vs.)  No. 20-1012** (Mercer County 20-C-164-DS)

Suzanne Elliott; West Virginia Newspaper
Publishing Company, dba Dominion Post; and
West Virginia Radio Corporation, dba Metro News,
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Self-represented petitioner Jay Folse appeals the December 11, 2020, order of the Circuit Court of Mercer County granting respondents' motion to dismiss petitioner's complaint in his defamation action against them. Respondents Suzanne Elliott; West Virginia Newspaper Publishing Company, dba Dominion Post; and West Virginia Radio Corporation, dba Metro News (collectively "respondents"), by counsel David Allen Barnette and Chelsea A. Creta, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 31, 2020, petitioner filed a complaint against respondents in the Circuit Court of Mercer County. In the complaint, petitioner alleged that respondents defamed him in an article published in *The Dominion Post* and on wvmetronews.com on July 31, 2019, and he attached the article as an exhibit. The article was headlined "Man removed from WVU BOG meeting after violating 'no trespass' order" and stated as follows:

> **MORGANTOWN, W.Va.**—A Bluefield man, who is suing West Virginia University for failing to provide him with documents explaining why he was not

1

admitted to the law school, was forcibly removed from a Board of Governor's meeting Wednesday morning.

Jay Folse is under a "no trespass order" from the university.

The no trespass order was issued by University Police on July 8 for all university property after Folse threatened and harassed several university officials and representatives. Additionally, he previously refused to leave an executive session portion of a BOG committee during a meeting at the Summit Bechtel Reserve in Beckley in June.

Folse, 25, was sitting in the audience before the meeting began. He ignored several verbal requests from university officials to leave, saying that the meeting was public.

Before the start of the meeting, the university provided Folse a telephone number to call in to listen to the public meeting, but he declined to accept the offer. When he was asked to leave and comply with the no trespass order, he refused and briefly struggled with a police officer before being handcuffed and led from the room.

Folse was arrested and charged with trespassing, disorderly conduct[,] and obstructing an officer and is currently awaiting arraignment, university officials said.

The only statement in the article that petitioner identified as defamatory in his complaint was "Folse threatened and harassed several university officials." Petitioner alleged that the statement was false and implied that he committed the offense of making a terroristic threat. Petitioner sought unspecified compensatory and punitive damages from respondents.

On September 3, 2020, respondents filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for a failure to state a claim upon which relief can be granted. Respondents argued that their publication of the article was a privileged communication pursuant to the public meeting reporting privilege. Following a hearing, by order entered December 11, 2020, the circuit court granted respondents' motion to dismiss the complaint.[1]

Petitioner now appeals the circuit court's December 11, 2020, order dismissing the complaint. We have stated that "[t]he purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the complaint." *Collia v. McJunkin*, 178 W. Va. 158, 159, 358 S.E.2d 242, 243 (1987). "Dismissal for failure to state a claim is proper where it is clear that no relief could be

---

[1] The circuit court also based its dismissal of the complaint on the fair comment privilege. Finding that the circuit court properly dismissed the complaint due to the public meeting reporting privilege, *see infra*, we do not address its application of the fair comment privilege to this case.

granted under any set of facts that could be proved consistent with the allegations." *Zsigray v. Langman*, 243 W. Va. 163, 169, 842 S.E.2d 716, 722 (2020) (quoting *Murphy v. Smallridge*, 196 W. Va. 35, 36, 468 S.E.2d 167, 168 (1996)) (internal quotations omitted). "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

In this case, the complaint "is deemed to include" the article because petitioner attached it to the complaint. *Forshey v. Jackson*, 222 W. Va. 743, 748, 671 S.E.2d 748, 753 (2008) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2nd Cir. 2002)) (emphasis omitted). As we held in Syllabus Point 1 of *Forshey*, "[a] circuit court ruling on a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure may properly consider exhibits attached to the complaint without converting the motion to a Rule 56 motion for summary judgment." 222 W. Va. at 744, 671 S.E.2d at 749.

On appeal, petitioner initially argues that, because there was publication in a newspaper and on a website, he was defamed in two different articles. Respondents counter that there was only one article published in two formats. For purposes of respondents' motion to dismiss, "the circuit court was required to construe the complaint in the light most favorable to [petitioner], and its allegations are to be taken as true." *Zsigray*, 243 W. Va. at 173, 842 S.E.2d at 726 (quoting *Lodge Distrib. Co., Inc. v. Texaco, Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978)). According to the complaint, Respondent Elliott "wrote *an* article which was published in the Dominion Post newspaper and on wvmetronews.com[.]" (emphasis added). Therefore, based upon our review of the allegations set forth in the complaint, we concur in the circuit court's finding that "the article attached to the . . . complaint" formed the basis of petitioner's claim against respondents.

With regard to that claim, we held in Syllabus Point 5 of *Zsigray* that, in contrast to a public official or figure who alleges defamation, a private person must allege "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." 243 W. Va. at 165, 842 S.E.2d at 718. (quoting Syl. Pt. 1, *Crump v. Beckley Newspapers, Inc.*, 173 W. Va. 699, 320 S.E.2d 70 (1983)). "The existence or nonexistence of a qualifiedly privileged occasion . . . in the absence of controversy as to the facts, [is a] question [ ] of law for the court." *Zsigray*, 243 W. Va. at 166, 842 S.E.2d at 719, syl. pt. 9. (quoting *Crump*, 173 W. Va. at 703, 320 S.E.2d at 74, syl. pt. 6) (additional citation omitted).

Petitioner argues that the circuit court erred in granting respondents' motion to dismiss. Petitioner further argues that factual disputes preclude the application of the public meeting reporting privilege from being a question of law in this case. Respondents counter that petitioner "strains" to create factual disputes where none exist on the face of the complaint, the allegations of which are taken as true. *See Zsigray*, 243 W. Va. at 173, 842 S.E.2d at 726; *Lodge Distrib. Co.*, 161 W. Va. at 605, 245 S.E.2d at 158. Here, based upon our review of the complaint's allegations, we concur in the circuit court's finding that petitioner alleges only one statement to be defamatory, which is that "Folse threatened and harassed several university officials."

3

Respondents argue that, even if that statement is defamatory, pursuant to the public meeting reporting privilege, the complaint fails to allege the second element of a private defamation action: a nonprivileged communication. We agree as we have found that privilege is one of two defenses that "allow a defendant to avoid all liability once established." *Crump*, 173 W. Va. at 706, 320 S.E.2d at 77.[2]

In Syllabus Point 6 of *Hinerman v. Daily Gazette Co., Inc.*, 188 W. Va. 157, 423 S.E.2d 560 (1992), we set forth the public meeting reporting privilege:

> [t]he publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported. However, not only must the report be accurate but it must be fair. Even a report that is accurate so far as it goes may be so edited and deleted as to misrepresent the proceeding and thus be misleading. Thus, although it is unnecessary that the report be exhaustive and complete, it is necessary that nothing be omitted or misplaced in such a manner as to convey an erroneous impression to those who hear or read it. An example would be a report of the discreditable testimony in a judicial proceeding and a failure to publish the exculpatory evidence or the use of a defamatory headline in a newspaper report, the qualification of which is found only in the text of the article. The reporter is not privileged to make additions of his own that would convey a defamatory impression nor to impute corrupt motives to anyone, nor to indict expressly or by innuendo the veracity or integrity of any of the parties.

Relying upon Syllabus Point 6 *of Hinerman*, petitioner raises a legal argument that he mistakenly believes to be a factual one. Petitioner argues that the public meeting reporting privilege does not apply where there is no allegation of an official report of the meeting. While petitioner's argument is unclear, we interpret his argument to mean "a report made at the meeting" because he states that "[p]etitioner was never discussed during the meeting[,] and no report whatsoever was made about him." We reject such an argument as a mischaracterization of Syllabus Point 6 *of Hinerman* where this Court used "report" to mean an article written by a news reporter who must be accurate and fair in her "report . . . of a meeting open to the public that deals with a matter of public concern"; may not edit or delete from the report "as to misrepresent the proceeding"; and "is not privileged to make additions of [her] own that would convey a defamatory impression nor to impute corrupt motives . . . , nor to indict . . . ." *Id.* at 161, 423 S.E.2d at 564.

Next, petitioner makes two arguments contrary to the complaint's allegations despite the fact that its allegations are taken to be true. Petitioner first argues that the source of information for the article at issue is disputed by the parties. We find that the complaint alleges that Respondent

---

[2]Truth is the other defense that allows a defendant to avoid all liability in a defamation action. *See Crump*, 173 W. Va. at 706, 320 S.E.2d at 77.

Elliott, the news reporter, was sitting in the audience "at a public meeting of the West Virginia University Board of Governors" in front of where petitioner was sitting and that, "[a]s the meeting was starting," the university's general counsel approached petitioner to inform him that he "was not allowed at the meeting because he had threatened people." Therefore, while petitioner argues that the parties dispute the source of information for Respondent Elliott's report, petitioner's complaint identifies the university's general counsel as the source. Petitioner further argues that the public meeting reporting privilege does not apply because his confrontation with the general counsel occurred prior to the meeting; however, according to the complaint, the confrontation took place in the audience at the meeting "[a]s the meeting was starting." Accordingly, we reject both of these arguments as contradicted by the allegations set forth in petitioner's own complaint.

In reliance on *Zsigray*, petitioner makes one final argument that we find is contradicted by the allegations set forth in his own complaint. In *Zsigray*, we reversed the dismissal of one of two defamation claims, finding that qualified privileges like the public meeting reporting privilege can be defeated by a bad motive and that the complaint in that case alleged that the defendant acted maliciously. 243 W. Va. at 173-74, 842 S.E.2d at 726-27. This Court in *Zsigray* further noted that another instance in which a qualified privilege may be defeated is where there is reckless disregard for a statement's truth or falsity. *Id.* at 173 n.11, 842 S.E.2d at 726 n.11 (citing *Crump*, 173 W. Va. at 707, 320 S.E.2d at 78). Here, petitioner argues that respondents acted with reckless disregard; however, the compliant alleges that respondents were "negligent" in reporting the allegedly defamatory statement. Therefore, we reject petitioner's argument as he may not make an allegation on appeal that is not found in his complaint.

Having determined that there are no factual disputes, we now examine the applicability of the public meeting reporting privilege as set forth in Syllabus Point 6 *of Hinerman*. *See* 188 W. Va. at 161, 423 S.E.2d at 564. As found above, petitioner alleges only one statement in the article at issue to be defamatory, which is that "Folse threatened and harassed several university officials." Respondents argue that the article was a privileged communication. Based on our review of the complaint and the article attached to it, we concur with the circuit court's findings that "the article reports on the events that transpired at a public meeting" where Respondent Elliott, the news reporter, "by [petitioner]'s admission, was seated in front of [petitioner] when [petitioner] was asked to leave because he had threatened other [university] employees/representatives." Accordingly, we conclude that the circuit court properly dismissed the complaint as the article constituted a privileged communication. *See Crump*, 173 W. Va. at 706, 320 S.E.2d at 77 (finding that privilege is a defense that allows a defendant in a defamation action that to avoid all liability).

For the foregoing reasons, we affirm the circuit court's December 11, 2020, order granting respondents' motion to dismiss petitioner's complaint in his defamation action against them.[3]

---

[3]We have discerned petitioner's arguments to the best of our understanding given their imprecise and confusing nature. We note that Rule 10(c)(7) of the Rules of Appellate Procedure provides that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately (continued . . .)

5

Affirmed.

**ISSUED**: October 13, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

supported by specific references to the record on appeal." "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).