IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**AMANDA GOFF, ROBERT H. CARLTON, INDIVIDUALLY AND D/B/A ROBERT H. CARLTON LAW OFFICE, AND HOMESTEAD REALTY INCORPORATED,**
Plaintiffs Below, Petitioners

**v.) No. 23-ICA-299**          (Circuit Ct. of Mingo Cnty. No. CC-30-2021-C-84)

**JAMES SMITH, FORMER SHERIFF OF MINGO COUNTY, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JOE SMITH, SHERIFF OF MINGO COUNTY, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, NORMAN MINES, SHERIFF DEPUTY OF MINGO COUNTY, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, ALLEN MOUNTS, SHERIFF DEPUTY OF MINGO COUNTY, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, OTHER AS OF YET IDENTIFIED MINGO COUNTY SHERIFF DEPUTIES, STATE OF WEST VIRGINIA, WEST VIRGINIA STATE POLICE, DUSTIN CONTOS, WEST VIRGINIA STATE POLICE OFFICER, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, CORY MAYNARD, WEST VIRGINIA STATE POLICE OFFICER, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, AND OTHER AS OF YET IDENTIFIED STATE POLICE TROOPERS,**
Defendants Below, Respondents

## MEMORANDUM DECISION

Petitioners Amanda Goff, Robert H. Carlton, individually and doing business as Robert H. Carlton Law Office, and Homestead Realty Incorporated appeal three orders of the Circuit Court of Mingo County. The first order, dated October 4, 2022, granted the motion to dismiss by Respondents State of West Virginia, West Virginia State Police, Dustin Contos, and Cory Maynard. The second order, dated June 13, 2023, denied Petitioners' motion for default judgment against Respondents James Smith, Joe Smith, Norman Mines, and Allen Mounts; and the third order, dated June 13, 2023, granted the motion to dismiss on behalf of the same respondents. Respondents State of West Virginia, West Virginia State Police, Dustin Contos, and Cory Maynard (collectively "the State Respondents") filed a summary response. Respondents James Smith, Joe Smith, Norman

Mines, and Allen Mounts (collectively "the Sheriff Respondents") filed a response.[1] No reply was filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's decision is affirmed, in part, and reversed, in part.

This matter arises from a complaint filed by Mr. Carlton, an attorney, and Ms. Goff, a paralegal who worked for Mr. Carlton, after a burglary at the Carlton Law Office in Williamson, Mingo County, West Virginia. Mr. Carlton's office also houses his realty company, Homestead Realty Incorporated. The office was broken into on August 26, 2020, and two business laptops were stolen. The Mingo County Sheriff's Department recovered the laptops and took them into evidence for use in the prosecution of the theft.

Mr. Carlton and Ms. Goff allege that the Sheriff's Department refused to return the laptops, despite the direction of the Mingo County Prosecuting Attorney to do so. Petitioners claim that the Sheriff's Department agreed to permit Ms. Goff, in her role as Mr. Carlton's paralegal, to appear at their office to obtain a copy of the files from the laptops. The pertinent complaint alleges that when Ms. Goff arrived at the Sheriff's department, the Mingo County Sheriff informed her that one of the laptops contained a video that purportedly depicted Mr. Carlton and Ms. Goff engaging in sexually themed or otherwise lurid activity. Ms. Goff alleges that the Sheriff and Sheriff's Deputies present took her to a dark, private basement area where she was pressured to "change her story" about whether the conduct in the video was consensual or coerced. She further alleges that she was intimidated and inappropriately touched by multiple officers, threatened with being criminally charged as an accessory to Mr. Carlton's activities if she did not cooperate with law enforcement, and that she was scared for her safety. The complaint includes allegations that the Sheriff's Department did not return the laptops and that a Sheriff's Deputy stole another laptop from the office during the crime scene investigation. The petitioners allege that this and other outrageous conduct by law enforcement was possible retaliation for matters related to Mr. Carlton's history as a criminal defense attorney, a former mayor of Williamson, a former assistant prosecuting attorney, a former adult

---

[1] Petitioners Amanda Goff and Homestead Realty Incorporated are represented by Petitioner Robert H. Carlton, Esq., who is self-represented. Respondents State of West Virginia, West Virginia State Police, Dustin Contos, and Cory Maynard are represented by Michael D. Mullins, Esq. Respondents James Smith, Joe Smith, Norman Mines, and Allen Mounts are represented by Chip E. Williams, Esq., and Jared C. Underwood, Esq.

probation officer, a former magistrate judge, a former child advocate, and a previous judicial candidate.

Petitioners filed their Amended Complaint in the Circuit Court of Mingo County on August 18, 2021. James Smith, Joe Smith, Norman Mines, and Allen Mounts were each served with process on September 1, 2021. They served their Joint Answer via certified mail on September 22, 2021. Petitioners moved for default judgment on September 23, 2021. The Sheriff Respondents filed their response to the default judgment motion on October 5, 2021.

Concurrently with the Mingo County civil action, on August 20, 2021, Ms. Goff and Mr. Carlton filed two substantially similar individual complaints in the Circuit Court of Kanawha County. Ms. Goff's Complaint, 21-C-717, was assigned to the Honorable Tera L. Salango of the Thirteenth Judicial Circuit. Mr. Carlton's complaint, 21-C-718, was assigned to the Honorable Joanna I. Tabit of the Thirteenth Judicial Circuit. The State Respondents filed motions to dismiss both Kanawha County actions and the Mingo County action, pursuant to the doctrine of qualified immunity and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

By order dated January 3, 2022, Judge Salango dismissed Ms. Goff's complaint with prejudice as to the State Respondents for failure to state a claim upon which relief can be granted. By order dated February 25, 2022, Judge Tabit dismissed Mr. Carlton's complaint as to the State Respondents. In her order, Judge Tabit expressly found that Kanawha County Civil Action Nos. 21-C-717 and 21-C-718 arise from the same set of facts and occurrences, involve the same parties, and involve common questions of law, and consolidated the cases into Civil Action No. 21-C-718. Because the State Respondents were dismissed from both complaints, Judge Tabit transferred the matter to the Circuit Court of Mingo County to be consolidated with the Mingo County Civil Action No. 21-C-84, as the only remaining defendants were the Sheriff Respondents.

On April 4, 2022, the State Respondents filed a consolidated motion to dismiss in the Mingo County case, reasserting the arguments set forth in their original motions to dismiss and arguing further that the State Respondents were entitled to dismissal pursuant to the doctrine of res judicata because of their dismissals in the Kanawha County actions.

The State Respondents returned the computers, client files, and other property belonging to Petitioners and provided chain of custody documents on May 26, 2022. By order dated October 4, 2022, the court granted the motion to dismiss as to the State Respondents.

On May 3, 2022, the Sheriff Respondents filed a motion to dismiss. Petitioners responded by filing a renewed motion for default judgment. The May 3, 2022, motion to

dismiss was granted by order dated June 13, 2023, and the renewed motion for default judgment was denied on the same date. This appeal followed.

Petitioners allege fourteen assignments of error between the three orders on appeal herein. For efficient organization and disposition, we will consider the assignments of error out of order to group like claims together. First, we turn to the assignments of error relating to the circuit court's order granting the motion to dismiss of the Sheriff Respondents. Petitioners raised these arguments in assignments of error number 1, 2, 3, 5, 9, and 13, which all contain similar assertions that the circuit court erred when it ruled that there were no causes of actions stated or allegations of sexual harassment, intentional infliction of emotional distress, and/or other inappropriate conduct by the Sheriff Respondents contained in the operative complaint.[2]

The circuit court's decision that the complaint failed to state a claim for which relief could be granted is a ruling of law, and we review such decisions de novo. *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, syl. pt. 2, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). As we examine the circuit court's order dismissing the Sheriff Respondents, we must accept the pleading's allegations as true. "Since the preference is to decide cases on their merits, courts presented with a motion to dismiss for failure to state a claim construe the complaint in the light most favorable to the plaintiff, taking all allegations as true." *Sedlock v. Moyle*, 222 W. Va. 547, 550, 668 S.E.2d 176, 179 (2008) (citing *John W. Lodge Distrib. Co. v. Texaco, Inc.*, 161 W. Va. 603, 604-05, 245 S.E.2d 157, 158-59 (1978)).

Rule 8(f) of the West Virginia Rules of Civil Procedure requires that courts "liberally construe pleadings so as to do substantial justice." *Mountaineer Fire & Rescue*

---

[2] Assignment of Error No. 1 alleges that the court erred in ruling that there were no causes of action stated in the amended complaint against the Sheriff Respondents. Assignment of Error No. 2 alleges that the court erred in ruling that the amended complaint did not include allegations of sexual harassment by the Sheriff Respondents against Ms. Goff. Assignment of Error No. 3 alleges that the court erred in ruling that the amended complaint did not include allegations that the Sheriff Respondents attempted to coerce Ms. Goff to lie and participate in the wrongful criminal prosecution of Mr. Goff for sexual assault. Assignment of Error No. 5 alleges that the court erred in granting the motion to dismiss the Sheriff Respondents. Assignment of Error No. 9 alleges that the court erred in ruling that the amended complaint did not include a cause of action for the Sheriff Respondents' intentional conduct against Ms. Goff to coerce her to participate in the wrongful criminal prosecution of Mr. Goff for sexual assault. Assignment of Error No. 13 alleges that the court erred, in part, by granting the motion to dismiss respondents with prejudice.

*Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020) (internal citations omitted). Accordingly, "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 236 S.E.2d 207 (1977). Our Supreme Court has repeatedly held that, to survive a motion under Rule 12(b)(6), "a pleading need only outline the alleged occurrence which (if later proven to be a recognized legal or equitable claim), would justify some form of relief." *Mountaineer Fire & Rescue Equip., LLC*, 244 W. Va. at 521, 854 S.E.2d at 883. "[A] complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." *Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. at 776, 461 S.E.2d at 522.

Upon review, Petitioners' Amended Complaint alleges that the Sheriff Respondents engaged in an unlawful search of Petitioners' office building, unlawful and unwanted touching of Ms. Goff causing physical injury and emotional distress resulting in PTSD, the illegal detention of Ms. Goff, the wrongful refusal to return Petitioners' business property as part of a pretext for a threatened wrongful criminal prosecution of Mr. Carlton, and the intentional infliction of emotional distress on Mr. Carlton and Ms. Goff. The complaint further alleged damages for physical and emotional injuries to their persons and property, damages for being detained and abused, for being threatened with wrongful prosecution, for the loss of computers and business files, and for theft and transfer of the stolen property to the West Virginia State Police and others.

This order was decided on a 12(b)(6) motion to dismiss, and while there is no guarantee that Petitioners would prevail at summary judgment, we find that it was premature to dismiss their claims against the Sheriff Respondents at this stage of litigation. "When a Rule 12(b)(6) motion is made, the pleading party has no burden of proof. Rather, the burden is upon the moving party to prove that no legally cognizable claim for relief exists." *Mountaineer Fire & Rescue*, 244 W. Va. at 520, 854 S.E.2d at 882. That burden was unmet in this case, and dismissal was not warranted.

We next turn to the assignments of error relating to the circuit court's denial of the motion for default judgment against the Sheriff Respondents. Petitioners raised these arguments in assignments of error number 4, 6, 7, 8, 10, and 13, which all include substantially similar allegations.[3] Petitioners assert that they filed their motion for default

---

[3] Assignment of error number 4 alleges that the court erred in the denial of Mr. Carlton's motion for default judgment against the Sheriff Respondents for attempting to have him deliberately and wrongfully criminally charged with the sexual assault of Ms. Goff. Assignment of error number 6 alleges that the court erred by not ruling on the motion for default judgment for over a year while entertaining motions to dismiss and denying Petitioners' motions to amend the complaint and for default judgment. Assignment of error

judgment in Mingo County Circuit Court before the Sheriff Respondents filed an answer to the suit, and again filed a renewed motion for default with their responses to the Respondents' 12(b)(6) motions. Accordingly, Petitioners argue that the Sheriff Respondents' answers were not timely filed and that the court abused its discretion by refusing to grant their motions for default judgment. We disagree.

Our Supreme Court "has established as a basic policy that cases should be decided on their merits, and that, therefore, default judgments are not favored." *Hinerman v. Levin*, 172 W. Va. 777, 782, 310 S.E.2d 843, 848 (1983) (citations omitted). The court below found that the Sheriff Respondents were served with the Summons and Complaint on September 1, 2021, and filed a Joint Answer on September 22, 2021, and a response in opposition to the motion for default judgment on October 5, 2021. Accordingly, the court found that the Sheriff Respondents appeared and actively participated in the litigation of the matter and that the matter should continue to be litigated on its merits. We find no abuse of discretion in that ruling.

Finally, we turn to the remaining assignments of error which relate to the denial of the Petitioners' motion to amend their complaint, and the argument that the trial judge should have been disqualified from hearing the case after granting a search warrant for Mr. Carlton's office to the West Virginia State Police.[4] However, we note that there are no orders on appeal concerning these issues. First, the Petitioners have not appealed any order deciding their motions for leave to file any amended complaints, or any orders that decide any issues relating to any motions to disqualify the trial judge. Rule 5(b) of the West Virginia Rules of Appellate Procedure requires that "the party appealing shall file the notice of appeal, including attachments required in the notice of appeal form contained in Appendix A of these Rules." Appendix A requires that petitioners "ATTACH COPIES OF ALL ORDERS BEING APPEALED." To the extent that Petitioners seek to challenge any

---

number 7 alleges that the court erred in the denial of Ms. Goff's motion for default judgment against the Sheriff Respondents for sexual harassment. Assignment of error number 8 appears to be a duplicate of assignment of error number 4. Assignment of error number 10 alleges that the court erred in its refusal to grant the motions for default judgment predicated upon inaccuracies in the responsive pleadings filed by counsel for Sheriff Respondents. Assignment of error number 13 alleges that the court abused its discretion, in part, by dismissing a default judgment against Respondents.

[4] Assignment of error number 11 alleges that the court erred in the denial of the Petitioners' motion for leave to amend the complaint. Assignment of error number 12 alleges that the court erred in denying Ms. Goff's motion to amend the complaint. Assignment of error number 14 alleges that the judge should have been disqualified after becoming a fact witness to statements made by police officers who obtained ex parte search warrants as part of the wrongful criminal prosecution of Mr. Carlton.

order regarding amendments to their complaints or motions to disqualify, those orders were not attached to their notice of appeal and therefore, are not properly before this Court.[5] Moreover, it is not clear from the record that any argument regarding judicial disqualification was raised below.[6] "In general, a party who has not raised a particular issue or defense below may not raise it for the first time on appeal. 'Indeed, if any principle is settled in this jurisdiction, it is that, absent the most extraordinary circumstances, legal theories not raised properly in the lower court cannot be broached for the first time on appeal . . . We have invoked this principle with near religious fervor.'" *State v. Costello*, 245 W. Va. 19, 26, 857 S.E.2d 51, 58 (2021) (quoting *State v. Miller*, 197 W. Va. 588, 597, 476 S.E.2d 535, 544 (1996)). For these reasons, we will not consider these final assignments of error.

Accordingly, we affirm the circuit court's June 13, 2023, order denying the motion for default judgment, and reverse the circuit court's June 13, 2023, order granting the Sheriff Respondents' motion to dismiss for failure to state a claim upon which relief can be granted.

Affirmed, in part, and Reversed, in part.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[5] Conversely, we note that Petitioners attached the October 4, 2022, order granting the dismissal of the State Defendants, but in their brief allege no assignments of error regarding that order. As we do not address the merits of this order, we also need not address whether such appeal was timely filed.

[6] This Court lacks jurisdiction to hear any argument regarding judicial disqualification pursuant to the West Virginia Appellate Reorganization Act, West Virginia Code § 51-11-1, et seq. *See also* Trial Ct. R. 17.01 (specifying disqualification procedure).

7