**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Jordan Linzy,
Petitioner Below, Petitioner

**v.) No. 24-21** (ICA 23-ICA-31)

Marquee Cinemas, Inc.,
Marquee Cinemas-WV Inc.,
Marquee Cinemas Holdings, Inc.,
Beckley Galleria, LLC,
Paramount Development Corporation,
and Paramount Development Properties, LLC,
Respondents Below, Respondents

## MEMORANDUM DECISION

Petitioner Jordan Linzy appeals the November 8, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"), affirming the Circuit Court of Raleigh County's order entered on January 5, 2023.[1] *See Linzy v. Beckley Galleria, LLC*, No. 23-ICA-31, 2023 WL 7403512 (W. Va. Ct. App. Nov. 8, 2023) (memorandum decision). The circuit court order on appeal to the ICA granted respondents' motions to dismiss. The petitioner argues that the lower courts erred in concluding as a matter of law that: 1) his injuries were not foreseeable under the circumstances alleged in his complaint; 2) his claim for negligent hiring, training, retention, and supervision should be dismissed for a failure to identify a legal duty owed to him; and 3) he failed to state a claim based on his allegations that the respondents did not maintain their premises in a reasonably safe condition. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

The respondents own and operate Marquee Cinemas, Galleria 14, in Beckley, West Virginia. On May 30, 2020, during a state-wide closure of nonessential businesses and a stay-at-home order due to the COVID-19 pandemic ("Covid order"), the petitioner sustained significant injuries in the parking lot of that theater when he was thrown from the bed of a truck driven by a friend who was performing a "burnout." *See Linzy*, 2023 WL 7403512, at *1. The petitioner filed

---

[1] The petitioner is represented by counsel Stephen P. New. Respondents Marquee Cinemas, Inc., Marquee Cinemas-WV, Inc., and Marquee Cinemas Holdings, Inc., are represented by counsel Jared Underwood. Respondents Beckley Galleria, LLC, Paramount Development Corporation, and Paramount Development Properties, LLC, are represented by counsel Cy Hill, Jr.

an amended complaint against the respondents alleging one count of negligence and one count of negligent hiring, training, supervision, and retention. *Id*. Essentially, he claimed that the respondents knew of routine use of the parking lot for loitering activities, including "burnouts," and failed to institute security staff or safety measures to prevent the events that led to his injuries. *Id*. The respondents moved to dismiss the amended complaint based on a lack of duty to the petitioner in these circumstances. The circuit court granted the motions to dismiss, concluding that the petitioner did not identify any reasonably foreseeable duty of care of the respondents.

The petitioner appealed to the ICA, asserting six assignments of error related to the circuit court's dismissal of the amended complaint: 1) that the Covid order did not impact the allegation that the respondents were aware of the use of the premises in a dangerous manner and that knowledge justified the imposition of a duty of care under the circumstances; 2) that the allegations of the amended complaint should have been construed in the light most favorable to the petitioner; 3) that the dismissal of his second count (negligent hiring, training, supervision, and retention) was not raised by the respondents and it should not have been dismissed; 4) that all reasonable inferences from the allegations of the second count were not considered; 5) that the second count should have been considered as pleading in the alternative; and 6) that it was error to dismiss the amended complaint before discovery on the issues presented in the respondents' motions. The ICA affirmed the circuit court order, concluding that the issue of whether the respondents owed any duty to the petitioner was determinative of all the assignments of error and that no duty was owed under the circumstances of this case. *Id*. at *2-3. The petitioner appeals the ICA's memorandum decision.

On appeal of a decision from the ICA reviewing a circuit court's granting of a motion to dismiss, we apply a de novo standard of review. Syl. Pt. 1, *Folse v. Rollyson*, 251 W. Va. 566, 915 S.E.2d 344 (2025). When considering a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, a court considers the allegations in a complaint as true and construes the complaint in the light most favorable to the plaintiff. *John W. Lodge Distributing Co., Inc. v. Texaco, Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978). Here, the petitioner raises three assignments of error. The first two focus on the ICA's conclusions regarding foreseeability and the legal duties of the respondents under the circumstances of the case.[2] Based on our de novo review of the record on appeal, we agree with the ICA that the circuit court did not err in dismissing the petitioner's complaint on the grounds of a lack of duty. *See Linzy*, 2023 WL 7403512, at *2-3.

The petitioner also assigns error to the ICA's discussion, in a footnote, of whether the respondents maintained their premises in a reasonably safe condition. The circuit court concluded that the condition of the premises was not the controlling factor on the issue of what duty, if any, the respondents owed to the petitioner on the date of his injuries. We agree. In addition, this issue was not the basis of the ICA's decision or relevant analysis. *See State ex rel. Med. Assurance of W. Va., Inc. v. Recht*, 213 W. Va. 457, 471, 583 S.E.2d 80, 94 (2003) (discussing footnotes and concluding, among other things, that "language in a footnote generally should be considered obiter dicta which, by definition, is language 'unnecessary to the decision in the case and therefore not precedential.' Black's Law Dictionary 1100 (7th ed. 1999)."). Accordingly, we need not address

---

[2] We necessarily review the circuit court order de novo in evaluating the petitioner's assignments of error related to the ICA's review.

the petitioner's third assignment of error and reach no conclusions regarding the ICA's footnote discussion related to the condition of the premises in this case other than it was simply obiter dicta.

For the foregoing reasons, we affirm the memorandum decision of the ICA affirming the circuit court's orders in favor of the respondents as modified.

Affirmed.

**ISSUED:** October 21, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison