IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2019 Term

_____

No. 18-0086
_____

**FILED**

**June 4, 2019**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

JANE DOE,
Plaintiff Below, Petitioner

v.

LOGAN COUNTY BOARD OF EDUCATION,
Defendant Below, Respondent

_____

Appeal from the Circuit Court of Logan County
The Honorable Joshua Butcher, Judge
Civil Action No. 16-C-195

AFFIRMED, IN PART; REVERSED IN PART;
AND REMANDED WITH DIRECTIONS

_____

Submitted: March 12, 2019
Filed: June 4, 2019

Steven S. Wolfe, Esq.
J. Christopher White, Esq.
Wolfe, White & Associates
Logan, West Virginia
Counsel for Petitioner

Duane J. Rugger II, Esq.
Jacob D. Layne, Esq.
Pullin, Fowler, Flanagan, Brown
 & Poe, PLLC
Charleston, West Virginia
Counsel for Respondent

JUSTICE HUTCHISON delivered the Opinion of the Court.

JUSTICE WORKMAN concurs and reserves the right to file a concurring opinion.

**SYLLABUS BY THE COURT**

1. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

2. "'The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Syl. Pt. 3, *Chapman v. Kane Transfer Company*, W.Va., 236 S.E.2d 207 (1977)[,] quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)." Syl., *John W. Lodge Distrib. Co., Inc. v. Texaco, Inc.*, 161 W.Va. 603, 245 S.E.2d 157 (1978).

3. "On appeal of a dismissal based on granting a motion pursuant to West Virginia Rules of Civil Procedure 12(b)(6), the allegations of the complaint must be taken as true." Syl. Pt. 1, *Wiggins v. Eastern Associated Coal Corp.*, 178 W.Va. 63, 357 S.E.2d 745 (1987).

**HUTCHISON, Justice:**

The petitioner "Jane Doe,"[1] plaintiff below, appeals the Order Granting Defendants' Motion to Dismiss entered by the Circuit Court of Logan County on January 3, 2018. In that order, the circuit court dismissed all counts in Jane Doe's civil action against the respondent Logan County Board of Education ("Board"), a co-defendant below. On appeal, Jane Doe argues that the circuit court erroneously dismissed her negligence claims based upon the court's conclusion that she had failed to plead sufficient facts in her Complaint to state a claim for relief. She also contends that the circuit court failed to address her claim regarding breach of fiduciary duty. The Board argues in support of the circuit court's dismissal order.

After considering the parties' written and oral arguments, as well as the record on appeal and the applicable law, we find that the circuit court erroneously dismissed two counts in Jane Doe's Complaint that asserted the Board and its employees were negligent. However, we find no merit to her contention that the circuit court failed to consider a fiduciary duty claim. Furthermore, Jane Doe has not appealed the other rulings in the circuit court's dismissal order. Accordingly, we reverse, in part, and affirm, in part, the circuit court's dismissal order, and remand this case to the circuit court for further proceedings consistent with this opinion.

---

[1] Because of the sensitive nature of the petitioner's allegations, she is referred to as "Jane Doe" in the pleadings and in this opinion. *See e.g.*, W.Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

1

## I. Facts and Procedural Background

According to the Complaint, Jane Doe was a seventeen-year-old high school student attending a vocational center operated by the Board during the 2014-2015 school year. Jane Doe took a carpentry class at the vocational center taught by the Board's employee, John Thomas Cain ("Cain"). The Complaint alleges escalating sexual behavior that this teacher inflicted upon her during the school year, including remarking during class that her appearance was "sexy," repeatedly displaying photos of his genitalia to her, repeatedly requesting nude photos of her, following her into the bathroom in his classroom, and pulling up her shirt to expose her breasts. Jane Doe asserted that in January or February 2015, Cain forced her to perform oral sex on him. She contended that in March or April 2015, Cain digitally penetrated her vagina while holding his other hand over her mouth, only stopping when another student walked by. Cain's acts of misconduct occurred in the classroom, and Jane Doe asserted that other students questioned her about what had occurred. Jane Doe further alleged that when she halted Cain's sexual advancements, he threatened her with physical violence.[2]

Jane Doe's lawsuit names both Cain and the Board as defendants. The instant appeal only concerns claims brought against the Board.[3] The Complaint's claims against

---

[2] The Complaint also alleges, and the Board confirms, that Cain was criminally convicted and incarcerated for his sexual misconduct against Jane Doe.

[3] The lawsuit's claims against Cain are not addressed in this opinion. He was not dismissed from the lawsuit by the circuit court's January 3, 2018, order, and he is not a party to this appeal.

2

the Board may be categorized into two groups: claims asserting vicarious liability for Cain's sexual misconduct against this student because the Board was Cain's employer; and claims alleging the Board is directly liable because it and its other employees (employees other than Cain) were negligent in hiring, retaining, supervising, monitoring, and/or training Cain. For this latter category, Jane Doe asserted the following negligence in Count Three of her Complaint:

14. Upon information and belief, the Defendant Board was negligent in several aspects, including but not limited to the following facts:
a. failing to properly interview, evaluate and screen Defendant Cain prior to hiring; and
b. failing to properly supervise and monitor Defendant Cain.

15. Defendant Board had an affirmative duty to properly investigate the background of its employees prior to providing employment. Defendant Board breached said duty by negligently hiring Defendant Cain thereby directly introducing a sexual predator to countless children and students, including but not limited to Jane Doe.

16. As a direct and proximate result of the Defendant's aforesaid actions, Jane Doe has suffered and will continue to suffer damages in an amount to be proven at trial.

Count Six of the Complaint alleged the following negligence:

27. Teachers and administrators employed by Defendant Board were negligent in several aspects, including, but not limited to the following affirmative acts:
a. multiple educators observed Defendant Cain interact with Jane Doe in ways that were contrary to acceptable school standards, but none even initiated a discussion with an administrator, reported suspicious conduct to an administrator, or even made an anonymous report that the relationship between Jane Doe and Defendant Cain should be investigated.

3

b. Defendant Cain received improper, deficient, and negligent training about interactions with students, contributing to his casual seduction of Jane Doe to whom he and the Defendant Board had a responsibility regarding her well-being and safety.

The Board filed a motion to dismiss all of the claims against it pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Rule 12(b)(6) permits motions to dismiss all or part of a complaint for the "failure to state a claim upon which relief can be granted." With respect to the vicarious liability claims where the Board was sued for Cain's sexual misconduct, the Board argued that those were intentional criminal acts outside the scope of Cain's employment and thus the Board was immune from suit pursuant to the Governmental Tort Claims and Insurance Reform Act ("Tort Claims Act"). *See* W.Va. Code §§ 29-12A-1 to -18. The circuit court agreed and dismissed Jane Doe's vicarious liability claims. The circuit court also dismissed a claim for punitive damages. Jane Doe does not appeal these rulings, and these rulings are not disturbed on appeal.

As to the claims of negligence against the Board and its other employees, the Board argued that Jane Doe asserted nothing but conclusory allegations without including a sufficient factual basis to state a claim for relief. The circuit court agreed and also dismissed these claims. All claims against the Board were dismissed with prejudice. Jane Doe now appeals from the circuit court's January 3, 2018, order dismissing her negligence claims against the Board.

4

## II. Standard of Review

On appeal, Jane Doe challenges the dismissal of some of the counts in her civil complaint. Our standard of review is plenary: "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). We recently elaborated on the meaning of this standard of review in *Gastar Exploration Inc. v. Rine*, 239 W.Va. 792, 806 S.E.2d 448 (2017):

> The term "*de novo*" means "Anew; afresh; a second time." We have often used the term "*de novo*" in connection with the term "plenary." . . . Perhaps more instructive for our present purposes is the definition of the term "plenary," which means "[f]ull, entire, complete, absolute, perfect, unqualified." We therefore give a new, complete and unqualified review to the parties' arguments and the record before the circuit court.

*Id.* at 798, 806 S.E.2d at 454 (internal quotation marks, footnotes, and citations omitted). With this in mind, we consider the parties' arguments.

## III. Discussion

In her first assignment of error, Jane Doe asserts that the circuit court erroneously dismissed her claims against the Board for negligent supervision, which she indicates includes aspects of negligent hiring, retention, training, monitoring, and discipline. These negligence claims are encompassed within Counts Three and Six of her Complaint, quoted *supra*. Although the circuit court found that these claims were merely conclusory allegations, Jane Doe contends that her Complaint is sufficient. She argues that the Complaint sets forth instances where other Board employees knew, or should have

5

known, of Cain's misconduct against her, but those employees failed to intervene, report the misconduct, or take any other action. Moreover, she contends that the specifics of what the Board's employees knew, and when they knew it, require further investigation through discovery.

In response, the Board argues that there are no facts alleged in the Complaint to indicate how it or its employees were negligent. The Board argues that the only reference in Jane Doe's Complaint to the action or inaction of any specific Board employee (other than Cain) is a factual allegation concerning a janitor, but this allegation fails to assert any wrongdoing by the janitor or the Board. Specifically, Jane Doe's Complaint alleges:

> 10. While working on an outdoor project involving planting flowers and putting down mulch, Jane Doe went to the restroom inside Defendant Cain's classroom and he [Cain] followed her into the restroom and was waiting outside the stall when she emerged—stating that he had come to talk. When Jane Doe left the restroom, she crossed paths with a janitor who did not intervene.

The Board argues that this paragraph fails to allege that the janitor also observed Cain enter or exit the restroom with Jane Doe. The Board contends that it may have statutory immunity from the negligence claims, thus, to survive dismissal, Jane Doe's Complaint must include specific allegations. Both the Board's brief and the circuit court's order rely heavily upon language in *Hutchison v. City of Huntington*: "local government units should be entitled to . . . immunity under W.Va. Code, 29-12A-5(a), unless it is shown by specific allegations that the immunity does not apply." *Hutchison v. City of Huntington*, 198 W.Va. 139, 148, 479 S.E.2d 649, 658 (1996) (citation omitted). They also quote *Hutchison* for the

proposition that "[i]n civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff." *Id.* at 149, 479 S.E.2d at 659 (citations omitted).

This Court has explained that "[t]he purpose of a motion under Rule 12(b)(6) of the *West Virginia Rules of Civil Procedure* is to test the sufficiency of the complaint." *Cantley v. Lincoln Co. Comm'n*, 221 W.Va. 468, 470, 655 S.E.2d 490, 492 (2007). Pleadings are to be "liberally construed so as to do substantial justice. W.Va. R.C.P. 8(f). The policy of the rule is thus to decide cases upon their merits[.]" *John W. Lodge Distrib. Co., Inc. v. Texaco, Inc.*, 161 W.Va. 603, 605, 245 S.E.2d 157, 158-59 (1978) (citation omitted). Indeed,

> "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Company*, W.Va., 236 S.E.2d 207 (1977)[,] quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

*John W. Lodge Distrib.*, 161 W.Va. at 603, 245 S.E.2d at 158, syl. Moreover, the issues currently on appeal are negligence claims, and Rule 9(b) of the West Virginia Rules of Civil Procedure states that "[n]egligence may . . . be averred generally." Finally, "[o]n appeal of a dismissal based on granting a motion pursuant to West Virginia Rules of Civil Procedure 12(b)(6), the allegations of the complaint must be taken as true." Syl. Pt. 1, *Wiggins v. Eastern Associated Coal Corp.*, 178 W.Va. 63, 357 S.E.2d 745 (1987).

In *Hutchison*, this Court discussed the importance of making specific allegations when governmental immunity is at issue. *Hutchison*, 198 W.Va. at 148, 479 S.E.2d at 658. This is because "[i]mmunities under West Virginia law are more than a defense to a suit in that they grant governmental bodies and public officials the right not to be the subject to the burden of trial at all." *Id.* Thus, the Court called for "heightened pleading by the plaintiff" in "civil actions where immunities are implicated[.]" *Id.* at 149, 479 S.E.2d at 659. However, the Court also recognized that the term "heightened pleading" can be a "misnomer," and a "plaintiff is not required to anticipate the defense of immunity in his complaint." *Id.* at 150, 479 S.E.2d at 660. Although the Board and the circuit court rely upon a few phrases from a paragraph in *Hutchison*, an examination of the entire paragraph is instructive:

> We believe that in civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff. *See Schultea v. Wood*, 47 F.3d 1427 (5th Cir.1995) (*en banc*) (a § 1983 action); *see generally Parkulo v. West Virginia Board of Probation and Parole, supra.* To be sure, we recognize the label "heightened pleading" for special pleading purposes for constitutional or statutory torts involving improper motive has always been a misnomer. **A plaintiff is not required to anticipate the defense of immunity in his complaint**, *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980), and, **under the West Virginia Rules of Civil Procedure, the plaintiff is required to file a reply to a defendant's answer only if the circuit court exercises its authority under Rule 7(a) to order one. We believe, in cases of qualified or statutory immunity, court ordered replies and motions for a more definite statement under Rule 12(e) can speed the judicial process. Therefore, the trial court should first demand that a plaintiff file "a short and plain statement of his complaint, a complaint that rests on more than conclusion alone."** *Schultea v. Wood*, 47 F.3d at 1433. **Next, the court may, on**

8

**its own discretion, insist that the plaintiff file a reply tailored to an answer pleading the defense of statutory or qualified immunity.** The court's discretion not to order such a reply ought to be narrow; where the defendant demonstrates that greater detail might assist an early resolution of the dispute, the order to reply should be made. Of course, if the individual circumstances of the case indicate that the plaintiff has pleaded his or her best case, there is no need to order more detailed pleadings. If the information contained in the pleadings is sufficient to justify the case proceeding further, the early motion to dismiss should be denied.

*Hutchison*, 198 W.Va. at 149-50, 479 S.E.2d at 659-60 (bold emphasis added). Thus, instead of mandating dismissal, the Court in *Hutchison* offered remedies for situations where a public entity or official asserts immunity in an answer but the plaintiff has failed to file a "heightened pleading[.]" Pursuant to Rule 12(e) of the Rules of Civil Procedure, the trial court may require the plaintiff to file a more definite statement. Pursuant to Rule 7(a) of these same Rules, the trial court may require the plaintiff to file a reply to the defendant's answer. In addition, we observe that pursuant to Rule 15(a) of the Rules of Civil Procedure, a trial court may grant the plaintiff leave to amend the complaint. "Leave to amend should be freely given when justice so requires . . . ." Syl. Pt. 6, in part, *Perdue v. S.J. Groves & Sons Co.*, 152 W.Va. 222, 161 S.E.2d 250 (1968). Finally, if a plaintiff believes that discovery is necessary to oppose a motion to dismiss, the plaintiff may request discovery pursuant to Rule 56(f) of the Rules of Civil Procedure:

Where a plaintiff opposes a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure and claims that discovery would enable him or her to oppose such a motion, the plaintiff may request a continuance for further discovery pursuant to Rule 56(f) of the West Virginia Rules of Civil Procedure. In order to obtain such a discovery continuance, a plaintiff must, at a minimum, (1) articulate

9

some plausible basis for the plaintiff's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the plaintiff; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

Syl. Pt. 6, *Harrison v. Davis*, 197 W.Va. 651, 478 S.E.2d 104 (1996).

Upon our plenary review of Jane Doe's Complaint, we determine that the circuit court's dismissal, with prejudice, of the negligence claims in Counts Three and Six was in error. Admittedly, the Complaint is not a model of jurisprudential craftsmanship. Nonetheless, it contains some factual allegations to support aspects of the alleged negligence. The Complaint details Cain's grooming and sexual behavior toward Jane Doe, and the Complaint expressly asserts that other "educators" observed inappropriate interactions between teacher and student but failed to act. Jane Doe was a minor and may not have known the names or the jobs of the people who observed the interactions. Furthermore, although the Complaint does not specifically state that the janitor witnessed both Jane Doe and Cain exiting the bathroom, this is the obvious implication from the assertion that the janitor "did not intervene." Given the allegations, both factual and legal, that are included in Jane Doe's Complaint, we conclude that instead of wholly dismissing her negligence claims with prejudice, the circuit court should have first allowed one or more of the options set forth above. Accordingly, we reverse the circuit court's dismissal of Counts Three and Six, and remand this case to the circuit court for further proceedings

10

consistent with this opinion. It is within the circuit court's sound discretion to select which of the methods listed above would best serve the purpose of allowing Jane Doe to provide a heightened pleading such that the Board can ascertain whether it has an immunity defense. Thereafter, the Board may file a motion asserting immunity or any other arguments it may have.

In her second assignment of error on appeal, Jane Doe argues that the circuit court failed to address her claim that a fiduciary relationship existed between her, a minor student enrolled at the vocational center, and the Board. However, strictly speaking, the circuit court *did* address this issue. The court gave Jane Doe the benefit of the doubt and expressly assumed, for purposes of its analysis, that she and the Board had a fiduciary relationship. More importantly, Jane Doe fails to explain how the existence of a fiduciary relationship would help her negligence case. The Board is a political subdivision whose liability for negligence is governed by the Tort Claims Act, West Virginia Code §§ 29-12A-1 to -18. To prevail on a claim of negligence, she must satisfy the requirements of this Act. We find no merit to the petitioner's second assignment of error.

### IV. Conclusion

For the foregoing reasons, we reverse the circuit court's dismissal of Counts Three and Six of Jane Doe's Complaint. We affirm the remaining rulings in the circuit

11

court's January 3, 2018, dismissal order. Finally, we remand this case to the circuit court

for further proceedings consistent with this opinion.

Affirmed, in part; reversed, in part; and remanded.