IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**TAMI K., individually and as Guardian and
Next Friend of minor children J.S., M.S.,
and Z.S., and CHRIS W., individually and as
Guardian and Next Friend of minor child G.W.,
Plaintiffs Below, Petitioners**

**FILED
September 30, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) Nos. 25-ICA-43 and 25-ICA-86** (Cir. Ct. Ohio Cnty. Case No. CC-35-2024-C-212)

**KONRAD CONSTRUCTION, LLC, KIDD
EXCAVATING, LLC, WILLIAM R. RAILING,
and LOGAN STEWART,
Defendants Below, Respondents**

### MEMORANDUM DECISION

In this consolidated appeal from the Circuit Court of Ohio County, Petitioners Tami K.[1], individually and as Guardian and Next Friend of minor children J.S., M.S., and Z.S., and Chris W., individually and as Guardian and Next Friend of minor child G.W., appeal two orders. First, petitioners appeal the circuit court's December 30, 2024, order granting Respondents Kidd Excavating, LLC's ("Kidd") and Logan Stewart's motion to dismiss for failure to state a claim. Secondly, petitioners appeal the circuit court's February 5, 2025, order denying petitioners' motion to reconsider the dismissal order and motion to amend complaint. Kidd and Mr. Stewart filed joint responses.[2] The petitioners filed joint replies. Respondents Konrad Construction, LLC ("Konrad") and William R. Railing did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of

---

[1] Consistent with our usual practice in cases involving minors, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R., II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioners are represented by Frank X. Duff, Esq., and R. Jared Lowe, Esq. Kidd and Mr. Stewart are represented by George N. Stewart, Esq., and Matthew Breneman, Esq.

Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's decision is reversed, in part.

In January 2022, Tami K. and Konrad entered into a construction contract to replace the foundation and retaining wall and to construct an addition at Tami K.'s home located in Valley Grove, West Virginia, at a price of $192,250.00. Konrad retained Kidd as a subcontractor to perform the required excavating work on the project. The excavating work included removing a retaining wall in the rear of the home and excavating part of the existing slope into the hillside. The project was completed in November 2022. Thereafter, in January 2024, a significant slip of the hillside occurred in the rear of the home where the excavating work was done. The slip worsened after heavy rains in April 2024, and the petitioners were forced to flee their home due to safety concerns.

On October 22, 2024, petitioners filed their complaint against Konrad, Mr. Railing, Kidd and Mr. Stewart, alleging counts against all defendants for breach of contract and for negligent/reckless misconduct. Kidd and Mr. Stewart filed a motion to dismiss on November 27, 2024, arguing that there was no contract between the petitioners and Kidd; that petitioners' negligence claims against Kidd and Mr. Stewart were barred by the gist of the action doctrine; and that Mr. Stewart had no individual liability as a member of Kidd. Petitioners argued in their response to the motion to dismiss that the gist of the action doctrine did not bar the tort claims, that breach of contract was sufficiently pled, and that Mr. Stewart's individual liability was a question of fact. Petitioners also requested the opportunity to amend the complaint in the event the circuit court deemed the complaint insufficient.

On December 30, 2024, the circuit court entered its order granting the motion to dismiss, finding there was no contract between the parties, that Mr. Stewart was not amenable to suit as a member of Kidd, and that petitioners' negligence claims were insufficiently pled because the complaint did not specifically state that Kidd and Mr. Stewart owed petitioners a duty of care.

Thereafter, petitioners filed a combined motion to reconsider the circuit court's dismissal order and motion to amend the complaint. In its February 5, 2025, order, the circuit court, construing the motion to reconsider as a motion for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure, denied the motion.[3] The

---

[3] The circuit court recognized what the Supreme Court of Appeals of West Virginia has repeatedly instructed litigants: "A 'motion to reconsider' is not recognized under our Rules of Civil Procedure." Syl. Pt. 3, in part, *Malone v. Potomac Highlands Airport Auth.*, 237 W. Va. 235, 786 S.E.2d 594 (2015). Accordingly, because this motion was not filed within ten days of the dismissal order, the circuit court properly construed it as a Rule 60(b) motion. *See* Syl. Pt. 2, *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 (1996).

circuit court concluded: (1) that petitioners failed to establish any mistakes attributable to special circumstances which would grant them a right to reconsideration of the prior order and their motion sought merely to relitigate legal issues heard at the underlying proceeding; (2) that petitioners' proposed amendments were futile because their claims against Kidd and Mr. Stewart were already dismissed; and (3) that the proposed amendments did not contain any newly discovered evidence which was not previously known to the petitioners and the alleged delay in filing the motion was unreasonable.

Petitioners filed two separate notices of appeal, one for each of the circuit court's orders. The petitioners' appeal of the December 30, 2024, order was assigned case number 25-ICA-43 and the February 5, 2025, order was assigned case number 25-ICA-86. On its own motion this Court consolidated these appeals for purposes of decision.

Our standard of review for the December 30, 2024, order is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). "For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff. The trial court's inquiry will be directed to whether the allegations constitute a statement of a claim under Rule 8(a)." *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 538, 236 S.E.2d 207, 212 (1977). Rule 8(a) of the West Virginia Rules of Civil Procedure provides: "(a) A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." W. Va. R. Civ. P. 8 (1998).[4]

> All that the pleader is required to do is to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist. The trial court should not dismiss a complaint merely because it doubts that the plaintiff will prevail in the action, and whether the plaintiff can prevail is a matter properly determined on the basis of proof and not merely on the pleadings.

*John W. Lodge Distributing Co., Inc. v. Texaco, Inc.*, 161 W. Va. 603, 605-06, 245 S.E.2d 157, 159 (1978). Further, the Supreme Court of Appeals of West Virginia ("SCAWV") has explained on numerous occasions that motions to dismiss under Rule 12(b)(6) are looked upon with disfavor and should rarely be granted. *Forshey v. Jackson*, 222 W. Va. 743, 749, 671 S.E.2d 748, 754 (2008); *Ewing v. Bd. of Educ. of Cnty. of Summers*, 202 W. Va. 228, 235, 503 S.E.2d 541, 548 (1998); *John W. Lodge*, 161 W. Va. at 605-06, 245 S.E.2d at 159. With these standards in mind, we turn to the assignments of error.

---

[4] The circuit court's proceedings were governed by the version of Rule 8 adopted by the Supreme Court of Appeals of West Virginia in 1998. While Rule 8 was amended by the Court, effective January 1, 2025, no changes were made that affect this appeal.

Petitioners assert that it was error for the circuit court to dismiss petitioners' negligence claim, as the duty element of negligence was sufficiently pled. The petitioners further assert that even if the same were determined to be insufficiently pled, the circuit court erred by not affording petitioners an opportunity to amend the complaint.

The petitioners' complaint alleges the following:

5. The Defendant, Konrad Construction, LLC retained Kidd Excavating, LLC as a subcontractor to do the excavating work on the subject project.

6. Said excavating work included removing the historically existing three feet exposed height retaining wall in the rear of the home and excavating the toe of the existing slope into the hillside approximately 10 feet further north (uphill) of the historical wall location.
. . .

13. The slip was caused in whole or in significant part by the Defendants' removal of the toe of the slope in the rear of the Plaintiffs' home.

14. The slip was caused in whole or in significant part by the Defendants' removal of the existing retaining wall and changing the slope grade.

15. The slip was caused in whole or in significant part by the Defendants' excavating work which changed the historic drainage patterns in the rear of the Plaintiffs' home.

16. The Defendants failed to consider the stability of the hillside behind the Plaintiffs' home prior to conducting their excavating work.

17. The Defendants failed to put in place any preventative measures to prevent a slip of the hillside behind the Plaintiffs' home.

18. As a direct and proximate cause of the Defendants' acts and omissions as discussed herein, the Plaintiffs' home is no longer safe to live in.
. . .

24. The work performed by the Defendants was performed in negligent and/or reckless, intentional, willful and wanton, unprofessional, non-workmanlike and unsafe manner.

25. As a direct and proximate result of the Defendants['] acts and omissions, the Plaintiffs were forced to move out of their home and have sustained ongoing damages which include but are not limited to, aggravation,

4

inconvenience, mental distress, moving costs, rental costs and loss of the use of their home. In addition, Plaintiffs will incur costs in the future which will include the demolition of their family home or repair of the subject slip, or the sale of their home at a significantly reduced value.

After reviewing the allegations in the complaint, we conclude the petitioners have set forth sufficient information to outline the elements of their negligence claim against Kidd. The elements of negligence in West Virginia are duty, breach, causation, and damages. *See Orso v. City of Logan*, 249 W. Va. 602, 607, 900 S.E.2d 28, 33 (2024) ("A plaintiff [pursuing] a negligence claim must satisfy four elements: duty, breach, causation, and damages."). Petitioners allege that Konrad hired Kidd to perform excavation work at petitioners' home, that Kidd's excavation work was faulty, and that the damage to the petitioners' home was caused by Kidd's faulty excavation work. The complaint further articulates the nature of the damages and demands judgment for those damages. Therefore, we find that the allegations of the complaint satisfy the pleading requirements of Rule 8 of the West Virginia Rules of Civil Procedure.

In dismissing the negligence claim against Kidd, the circuit court focused on the duty aspect of the petitioners' pleading and determined:

> In examining the Plaintiffs' *Complaint* as a whole, this Court FINDS that they have sufficiently alleged facts which might support a breach of some duty owed by the moving Defendants in failing to conduct work in a professional and workmanlike manner (see Complaint, ¶ 24), as well as proximate cause and damages (see Complaint, ¶ 25). However, neither Plaintiffs' Complaint nor their Response address to whom that duty was owed. Was it owed to the general contractor (i.e., Defendant Konrad) with whom the moving Defendant Kidd had a contract, or to the Plaintiffs as homeowners with whom they had no such contract? Plaintiffs have cited no statute or common law in either their Complaint or their Response upon which to base a legal duty owed to them by the moving Defendants.

The circuit court acknowledges that petitioners have sufficiently alleged facts that might support a breach of a duty owed by Kidd. However, the circuit court found that because the complaint did not specifically state to whom such a duty was owed (Konrad or petitioners), it was subject to dismissal at the pleading stage. We disagree. From the allegations in the complaint, we can reasonably infer that petitioners are claiming that duty to perform the excavation work in a workmanlike manner was owed by Kidd to petitioners.

We note that this case was decided on a 12(b)(6) motion to dismiss prior to discovery. There is no guarantee that the petitioners will prevail on a motion for summary judgment or at trial, but it was premature to dismiss at this stage of litigation. As the SCAWV has explained, "[a] party is not required to establish a *prima facie* case at the

pleading stage." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 522, 854 S.E.2d 870, 884 (2020) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, (2002) ("[g]iven that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard[.]")). Moreover, "[w]hen a Rule 12(b)(6) motion is made, the pleading party has no burden of proof. Rather, the burden is upon the moving party to prove that no legally cognizable claim for relief exists." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, *id.* at 520, 854 S.E.2d at 882. In this case, we find that Kidd failed to meet that burden.

In the December 30, 2024, order, the circuit court further determined that there was no contract between Kidd and petitioners and dismissed the breach of contract action against Kidd and Mr. Stewart. Additionally, the circuit court dismissed Mr. Stewart, finding that the only alleged basis for his individual liability is that he "owns" Kidd and concluded that this allegation is insufficient to "pierce the corporate veil" of a limited liability company pursuant to West Virginia Code § 31B-3-303 (2022). The petitioners do not assign error to these findings and conclusions. Thus, we take no action with regard to these dismissals.

In the appeal of the February 5, 2025, order, petitioners assert that the circuit court erred by denying their motion for relief from the dismissal order, pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. In that motion, petitioners further requested that the circuit court grant them leave to file an amended complaint to include additional allegations in light of the circuit court's ruling. The circuit court denied the motion in its entirety, determining that the requirements of Rule 60(b) were not met and that the request to amend the complaint was delayed and amendment would have been futile. Because we are reversing the December 30, 2024, order, we decline to address the merits of the petitioners' assertions regarding the order denying their Rule 60(b) motion, and we reverse the February 5, 2025, order.

For the foregoing reasons, we reverse the circuit court's December 30, 2024, order to the extent that petitioners' negligence claim against Kidd was dismissed and we reverse the circuit court's February 5, 2025, order. We do not disturb the December 30, 2024, order to the extent that petitioners' breach of contract claims were dismissed and to the extent that Mr. Stewart, in his individual capacity, was dismissed from the civil action as those issues were not appealed to this Court.

Reversed, in part.

**ISSUED:** September 30, 2025

6

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White